**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ARCH INSURANCE COMPANY, INDIVIDUALLY AND AS SUBROGEE AND INDEMNITOR OF LINBECK GROUP, LLC,** | § § § § § | |
| **Plaintiff,** | § § | |
| **VS.** | § § | **Cause No. _____** |
| **NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, VALLEY FORGE INSURANCE COMPANY, CONTINENTAL INSURANCE COMPANY, and CONTINENTAL CASUALTY COMPANY** | § § § § § § § § | |
| **Defendants.** | § § | |

---

## ARCH INSURANCE COMPANY'S ORIGINAL COMPLAINT

---

Arch Insurance Company, individually and as subrogee and indemnitor of Linbeck Group, LLC, ("Arch"), files this Complaint against National Fire Insurance Company of Hartford ("National Fire"), Valley Forge Insurance Company ("Valley Forge"), Continental Insurance Company ("CIC"), and Continental Casualty Company ("CCC") (collectively "CNA"), stating as follows:

## PARTIES

1.      Plaintiff, Arch Insurance Company, is a Missouri corporation, with its principal place of business in New York. Arch is the insurer for Linbeck Group, LLC ("Linbeck"), who is authorized to do business in the State of Texas. Therefore, Arch, having made payment on a

claim for which CNA owed primary coverage, brings this lawsuit on its own behalf and as subrogee and indemnitor of its insured, Linbeck, under its contractual and equitable rights of subrogation and indemnification.

2.      National Fire is a corporation incorporated under the laws of Illinois with its principal place of business in Illinois and is doing business in Texas. National Fire may be served by serving CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

3.      Valley Forge is a corporation incorporated under the laws of Pennsylvania with its principal place of business in Illinois and is doing business in Texas. Valley Forge may be served by serving CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

4.      CIC is a corporation incorporated under the laws of Pennsylvania with its principal place of business in Illinois and is doing business in Texas. CIC may be served by serving CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

5.      CCC is a corporation incorporated under the laws of Illinois with its principal place of business in Illinois and is doing business in Texas. CCC may be served by serving CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) (1) because the parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

7.      Venue is proper in this District because a substantial part of the events and acts or omissions giving rise to these claims occurred in this District within the meaning of 28 U.S.C. § 1391.

## FACTS GIVING RISE TO CONTROVERSY

**A.     THE PROJECT, THE ROOFING DEFECTS, AND THE SETTLEMENT**

8.      Linbeck, as general contractor, entered into a contract with the owner, the Dallas Center for the Performing Arts Foundation, Inc. ("DCPAF"), for the construction of the Dallas Center for the Performing Arts Margot and Bill Winspear Opera House, 2403 Flora Street, Dallas, Texas 75201 (the "Project" or the "PAC"). Linbeck entered into a written subcontract agreement with Anchor Roofing Systems, Ltd. ("Anchor") to perform roofing work on the Project.

9.      As part of its work, Anchor purchased roofing membrane products from Soprema, Inc. ("Soprema"). Soprema customized the roofing membrane products for the Project, made site visits during the installation of the roof, inspected the roof after installation, and issued Anchor a punch list for corrective action.

10.      The construction of the PAC was completed in 2009, with the grand opening occurring on October 12th. Thereafter, the PAC began experiencing significant blistering to the roofing membrane products customized and supplied by Soprema. The blisters number in the hundreds to thousands and cover the entirety of the PAC's roof.

11.      DCPAF placed Linbeck on notice of the blistering, and, in conjunction with the DCPAF, Linbeck began coordinating expert analysis of the roofing system with Anchor and Soprema to determine the root cause(s) and significance of the blistering. Overall, expert analysis concluded that the roofing system must be replaced in its entirety and pinpointed Anchor's workmanship and Soprema's defective products as the cause of the roofing defects. Specifically, Anchor performed improper adhesion and waterproofing services while

constructing the roof and Soprema provided defective products susceptible to blow-off, excessive heat absorption, and moisture intrusion.

12.    Linbeck did not perform construction of the PAC's roofing system. However, because the roofing system presented risks to the community and to the continued operation of the PAC, and due to its contractual role as general contractor on the Project, Linbeck entered into a pre-litigation settlement agreement with the DCPAF, funded by Plaintiff, which allowed the DCPAF to make the necessary repairs to the PAC's roof (the "Settlement").

**B.    LINBECK'S STATUS AS AN ADDITIONAL INSURED UNDER THE CNA POLICIES**

13.    The subcontract between Linbeck and Anchor requires Anchor to add Linbeck as an additional insured on Anchor's liability insurance policies, including commercial general liability and excess/umbrella liability policies. The insurance requirements in the subcontract also require the insurance policies provided by Anchor to be primary and non-contributory with any insurance carried by DCPAF, DCPAF's Lender(s), and/or Linbeck.

14.    Anchor fulfilled its obligation to provide that insurance under its subcontract by having Linbeck named as an additional insured on its policies, including National Fire CGL Policy No. 4016980483 for the period of October 1, 2009, to October 1, 2011; Valley Forge CGL Policy No. 4016980483 for the period of October 1, 2011, to October 1, 2013; CIC CGL Policy No. 4016980483 for the period of October 1, 2013, to October 1, 2014; and CCC CGL Policy No. 4016980483 for the period of October 1, 2014, to October 1, 2017. Pursuant to the terms of each of those policies, Linbeck was included as an additional insured with respect to liability arising out of Anchor's work for Linbeck. The broad grant of coverage is subject to no other limitations set out in the endorsement, and no other provisions of the CNA policies apply

to deny coverage for the property damage that is alleged to have arisen out of the work of Anchor and Anchor's subcontractors for Linbeck.

15.     At the same time, Linbeck's own CGL policies in effect over the same period of time and issued by Arch Insurance Company provide that their coverage is excess to any other primary insurance available to Linbeck for which Linbeck has been added as an additional insured by attachment of an endorsement. In other words, they are excess to the CGL policies issued by CNA to Anchor.

16.     Linbeck duly tendered its defense against DCPAF's claim to CNA. Despite its obligation to provide Linbeck with a full and complete defense and indemnity as Linbeck's primary insurer under Texas law, CNA denied a defense and indemnity to Linbeck. Linbeck responded to CNA's denial of a defense in writing, explaining why there was additional insured coverage under the CNA policy, and gave CNA an opportunity to participate in the mediation and settlement of DCPAF's claims. CNA again refused to fulfill its contractual obligations.

17.     As a result of CNA's breach of its obligations owed to Linbeck, Arch stepped in to defend and indemnify Linbeck, and was damaged in the amount of the defense costs that CNA failed and refused to pay, the amount of the Settlement, and attorney's fees incurred in pursuing insurance coverage from CNA.

## **FIRST CAUSE OF ACTION – DECLARATORY JUDGMENT**

18.     Arch re-alleges and incorporates by reference the allegations contained in Paragraphs 1 through 17 above.

19.     This is an action for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, the federal Declaratory Judgment Act.

20.     An actual controversy of a judicial nature exists between Arch and CNA involving the rights and obligations under the CNA policies relative to the claims made against Linbeck related to the Project. The resolution of this controversy is dependent upon an analysis of the CNA policies and the facts and circumstances surrounding the claims against Linbeck.

21.     Linbeck has complied with all conditions precedent to coverage under the policies issued by CNA.

22.     Arch is entitled to a declaration from this Court that CNA owed Linbeck a defense and indemnity against the claims asserted against Linbeck related to the Project. The claims made against Linbeck are within the coverage of the CNA policies. Arch is also entitled to a declaration of this Court that CNA is obligated to pay Arch's attorney's fees and costs incurred in this action.

## SECOND CAUSE OF ACTION – CONTRIBUTION

23.     Arch re-alleges and incorporates by reference the allegations contained in Paragraphs 1 through 22 above.

24.     CNA owed a contractual obligation to fully defend and indemnify Linbeck as its primary insurer against DCPAF's claims related to the Project.

25.     Arch also owed a contractual obligation to fully defend and indemnify Linbeck. However, that obligation was excess to CNA's primary obligation to defend and indemnify Linbeck.

26.     Therefore, in fully defending Linbeck and fully funding the Settlement, Arch made a compulsory payment of more than its fair share of the burden to defend and indemnify Linbeck.

27.     As a result, Arch is entitled to recover directly from CNA: (1) the full cost of defending Linbeck against DCPAF's claims; and (2) the amount of the Settlement payment, up to the limits of the applicable CNA policy.

**THIRD CAUSE OF ACTION – CONTRACTUAL SUBROGATION**

28.     Linbeck re-alleges and incorporates by reference the allegations contained in Paragraphs 1 through 27 above.

29.     The Arch policy gives Arch a contractual right to pursue reimbursement from third parties in exchange for payment of a loss. Arch fully defended and indemnified Linbeck and now stands in its shoes as to Linbeck's contractual rights under the CNA policies.

30.     Anchor and Linbeck, as additional insured, complied with all conditions precedent to coverage under the CNA policies.

31.     Despite its obligations under its policies, CNA failed and refused to fulfill its obligations to defend and indemnify Linbeck against the claims asserted by DCPAF against Linbeck arising out of Anchor's roofing work and Soprema's defective products.

32.     The failure of CNA to fulfill its contractual obligations constitutes a material breach of the CNA policy contracts, which has caused damage to Linbeck, for which Arch fully reimbursed Linbeck.

33.     As a result of CNA's breach of its policy contracts, and Arch's payment in full of Linbeck's loss, Arch is entitled to recover from CNA, as subrogee of Linbeck, all damages, including defense costs incurred in defending against DCPAF's claims as a result of the property damage allegedly caused by the defects and deficiencies in Anchor's work and Soprema's products, together with the amount of the Settlement payment up to the limits of the applicable

CNA policy. In addition, CNA is obligated to reimburse Arch for all attorney's fees incurred in this action and in pursuing coverage from CNA.

## FOURTH CAUSE OF ACTION – EQUITABLE SUBROGATION

34.     Linbeck re-alleges and incorporates by reference the allegations set out in Paragraphs 1 through 33 above.

35.     Arch is equitably subrogated to the rights of Linbeck because Arch, not acting voluntarily, paid a debt on Linbeck's behalf for which CNA was primarily liable.

36.     Anchor and Linbeck, as additional insured, complied with all conditions precedent to coverage under the CNA policies.

37.     Despite its obligations under its policies, CNA failed and refused to fulfill its obligations to defend and indemnify Linbeck against the claims asserted by DCPAF against Linbeck arising out of Anchor's roofing work and Soprema's defective products.

38.     The failure of CNA to fulfill its contractual obligations constitutes a material breach of the CNA policy contracts, which has caused damage to Linbeck, for which Arch fully reimbursed Linbeck.

39.     As a result of CNA's breach of its policy contracts, and Arch's payment in full of Linbeck's loss for which CNA was primarily liable, Arch is entitled to recover from CNA, as subrogee of Linbeck, all damages, including defense costs incurred in defending against DCPAF's claims as a result of the property damage allegedly caused by the defects and deficiencies in Anchor's work and Soprema's products, together with the amount of the Settlement payment up to the limits of the applicable CNA policy. In addition, CNA is obligated to reimburse Arch for all attorney's fees incurred in this action and in pursuing coverage from CNA.

THEREFORE, Arch asks that it be granted the following relief from this Court:

1.    Declaratory judgment that CNA owed Linbeck a defense and indemnity against the claims asserted against Linbeck related to the Project.

2.    Judgment awarding Arch all damages it has suffered as a result of CNA's breach of the insurance policy contracts.

3.    Judgment that Arch is entitled to recover its costs and expenses, including attorney's fees incurred in prosecuting this action and in pursuing a full defense and indemnity from Interstate and CNA.

4.    Judgment awarding Arch its costs and pre-judgment and post-judgment interest in the maximum as allowed by law.

5.    Such other and further relief as the Court deems just and equitable under the circumstances.

Respectfully submitted,

*/s/ Travis M. Brown*
Patrick J. Wielinski
State Bar No. 21432450
pwielinski@cokinoslaw.com
Travis M. Brown
State Bar No. 24061890
tbrown@cokinoslaw.com

COKINOS | YOUNG
105 Decker Court, Suite 800
Irving, Texas 75062
Telephone:     (817) 635-3620
Facsimile:     (817) 635-3633

**ATTORNEYS FOR ARCH INSURANCE COMPANY, INDIVIDUALLY AND AS SUBROGEE AND INDEMNITOR OF LINBECK GROUP, LLC**